## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JODY FEES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-0476-CVE-JFJ |
| | ) | |
| AMERICAN FAMILY LIFE INSURANCE | ) | |
| COMPANY OF COLUMBUS ("AFLAC"), | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant American Family Life Insurance Company of Columbus's (Aflac's) limited motion to reconsider (Dkt. # 117) a portion of the Court's October 16, 2020 opinion and order (Dkt. ## 114, 115). Specifically, Aflac requests that the Court reconsider its refusal to grant summary judgment for defendant on the issue of punitive damages. Aflac argues that the October 16, 2020 opinion and order "applies an incorrect test to whether or not [p]laintiff's request for punitive damages can survive." Dkt. # 117, at 1. Aflac states "the Court allowed the punitive damages request to proceed to the jury on the premise that it is the jury's right and duty to consider whether Aflac's conduct was reasonable." Id. Aflac further argues that "to survive summary judgment, [p]laintiff must point to clear and convincing evidence that Aflac acted [with] oppression, malice, fraud or gross negligence or wantonness," and that the Court did not identify what evidence supported the denial of Aflac's motion on this issue. Id.

Plaintiff, Jody Fees, filed a response to Aflac's motion (Dkt. # 119). Plaintiff argues that the appropriate standard for punitive damages is stated at OKLA. STAT. tit. 23, § 9.1. This section states that punitive damages may be awarded at trial, where a jury finds, by "clear and convincing

evidence," that Aflac "recklessly disregarded its duty to deal fairly and act in good faith with" plaintiff (OKLA. STAT. tit. 23, § 9.1 (B)(2)) or "intentionally and with malice b[r]eached its duty to deal fairly and act in good faith with" him (OKLA. STAT. tit. 23, § 9.1 (C)(2)). Dkt. # 119, at 2 (citing OKLA. STAT. tit. 23, § 9.1).[1] Plaintiff states that, under Oklahoma law, reckless disregard exists if Aflac "was either aware, or did not care, that there was a substantial and unnecessary risk that [its] conduct would cause serious injury to" plaintiff, and malice exists if Aflac engaged in a "wrongful act intentionally without just cause or excuse." Dkt. # 119, at 2-3 (quoting Okla. Unif. Civ. Jury Instr. No. 22.5). Plaintiff sets forth the facts it claims demonstrate either defendant's reckless disregard or malice toward plaintiff.

Defendant responds (Dkt. # 121) that "plaintiff must meet the clear and convincing burden of proof at the summary judgment stage." Dkt. # 121, at 1. Defendant argues that in order to defeat summary judgment, plaintiff must demonstrate by clear and convincing evidence that a reasonable jury could find defendant acted with reckless disregard from which malice can be inferred. Id. at 2-3. Defendant specifically disputes the actions that plaintiff argues are evidence of reckless disregard or malice. Id. at 3-5.

A motion to reconsider may be granted for "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest

---

[1]     The Court notes that there are three different standards within the statute, each with different damage award caps. Punitive awards for reckless disregard under § 9.1(B) cannot exceed the greater of $100,000, or the amount of the actual damages awarded. Punitive awards for malice under § 9.1(C) cannot exceed the greater of $500,000, "twice the amount of actual damages awarded, or . . . the increased financial benefit derived by the defendant or insurer as a direct result of the conduct causing the injury to the plaintiff and other persons or entities." OKLA. STAT. tit. 23, § 9.1. As no life-threatening conduct has been alleged, malice under § 9.1(D) is inapplicable.

injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Torres v. Cintas Corp., No. 08-CV-0185-CVE-TLW, 2009 WL 2044796, at *1 (N.D. Okla. July 9, 2009). Aflac asks this Court to reconsider its position for the third reason: "to correct clear error and prevent manifest injustice." Dkt. # 117, at 2. Therefore, the Court now considers whether a portion of its decision–declining to find at the summary judgment stage as a matter of law, that no reasonable jury could find that Aflac's actions could meet one or more of the Oklahoma standards for punitive damages when viewed in the light most favorable to plaintiff–was clear error.

## I.

Under Oklahoma law, "in an action for breach of obligation not arising from contract, where a jury finds, by clear and convincing evidence, the defendant has been guilty of reckless disregard for the rights of others, or the defendant has acted intentionally and with malice towards others, it may award punitive damages." Robinson v. Sunshine Homes, Inc., 291 P.3d 628, 638 (Okla. Civ. App. 2010). The Court "has a 'responsibility to determine whether any competent evidence exists which would warrant submission of the question of punitive damages to the jury.'" Loyd v. RAS Trucking, et al., No. CIV-17-977-D, 2020 WL 7220790, at *4 (W.D. Okla. Dec. 7, 2020)[2] (quoting Estrada v. Port City Prop. Inc., 258 P.3d 495, 503-04 (Okla. 2011) (emphasis omitted)). On summary judgment in federal court the Court's inquiry into the sufficiency of evidence "is guided by the ultimate evidentiary burden that applies at trial." Peterson v. Exide Techs., 477 F. App'x 474, 480 (10th Cir. 2012) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). "[A] plaintiff's burden in opposing summary judgment is not to prove the case, but to introduce sufficient

---

[2]      This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 31.1; 10th Cir. R. 32.1.

evidence that 'a jury could reasonably find . . . that the plaintiff proved his case by the quality and quantity of evidence required by the governing law." Id. at 480 n.4 (quoting Anderson, 477 U.S. at 254).  Where, as here, the claim requires clear and convincing evidence, "in order to defeat summary judgment . . . [plaintiff] must 'set forth evidence of a clear and convincing nature that, if believed by the ultimate fact finder, would establish that" it is "highly probable" defendant acted with reckless disregard or malice.  Id. at 480-81.

The Oklahoma Uniform Jury Instructions inform the jury's inquiry as to the issue of reckless disregard, and provide the standard for the inquiry.  Loyd,, 2020 WL 7220790, at *4.  Instruction 5.6 provides:

> The conduct of [Defendant] was in reckless disregard of another's rights if [Defendant] was either aware, or did not care, that there was a substantial and unnecessary risk that [his/her/its] conduct would cause serious injury to others. In order for the conduct to be in reckless disregard of another's rights, it must have been <u>unreasonable</u> under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person.

Okla. Unif. Civil Jury Instr. 5.6 (available at https://www.oscn.net/applications/oscn/ DeliverDocument.asp?CiteID=73977) (emphasis added); <u>see also</u> <u>Loyd</u>, 2020 WL 7220790, at *4. As a result, in order for claim for punitive damages to survive summary judgment, there must be evidence from which a reasonable jury could find it highly probable that defendant–acting unreasonably–was either aware or did not care that there was a substantial and unnecessary risk that defendant's conduct would cause serious injury.  <u>Hellard v. Mid Century Ins. Co.</u>, No. 19-CV-00043-GKF-CDL, 2020 WL 6587658, at *7 (N.D. Okla. Nov. 10, 2020).

## II.

In its opinion, this Court found ten genuine disputes of material fact as to "whether defendant's delay, failure to investigate, and failure to understand its own policies" prevented a finding that defendant's conduct was unreasonable as a matter of law or reasonable as a matter of law. Dkt. ## 114, 115 at 26.  This Court found that "[b]ecause [those] genuine disputes of material fact exist, the Court must deny defendant's motion for summary judgment and plaintiff's motion for partial summary judgment as to bad faith." Id.  After finding the Court could not determine the issues of reasonableness as a matter of law either way, the Court found "that the reasonableness of defendant's actions are a matter for the jury," and "decline[d] to rule on the issue of punitive damages." Id.  In other words, the Court found that those issues in dispute–as to whether or to what degree defendant acted unreasonably (i.e., whether any alleged unreasonableness was gross negligence, reckless, or malicious)–could not be resolved as a matter of law on the record before it. As stated in the opinion and order, "[s]ummary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Dkt. # 114, 115, at 19.  The Court found that the issues listed in its prior opinion and order left unresolved the issue of whether there was negligence that amounted to gross negligence, reckless disregard, or malice based on defendant's actions, taken in the light most favorable to the non-moving party, and it declined to find for defendant.  By implication, it found that the plaintiff's evidence at trial could be of such a clear and convincing nature that a reasonable jury could find that defendant's delay, repeated failure to understand its own policy, and failure to investigate amounted to the unreasonable conduct required to submit the issue of punitive

damages to a jury.  However, the Court found that the issues raised required factual evaluations best suited for jury determination.

When a court determines that alleged negligence must be submitted to the jury, a court often consequently finds "that a jury must also decide the issue of whether the degree of defendants' negligence, if any, could be considered reckless."  Loyd, 2020 WL 7220790, at *4 (citing Fox v. Okla. Mem'l Hosp., 774 P.2d 459, 462 (Okla. 1989) ("Issues of negligence and the degrees thereof are questions for the trier of fact."))  This is frequently the case given that the facts are viewed in the light most favorable to the non-moving party at summary judgement, here, plaintiff.  See, e.g., Hellard, 2020 WL 6587658, at *7 ("Viewing the summary judgment record in the light most favorable to [plaintiff] and drawing all reasonable inferences in [his] favor, a genuine issue of fact exists as to whether [defendant], at a minimum, recklessly disregarded its duty of good faith and fair dealing with respect to its obligation to conduct a reasonable investigation and make timely payment of [plaintiff's] claim.")  The Court continues that practice here.  It will not find at this juncture, as a matter of law, that defendant's actions could not warrant punitive damages.

**III.**

That the Court found that genuine disputes of material fact exist as to the reasonableness or unreasonableness of "defendant's delay, failure to investigate, and failure to understand its own policies," which a reasonable jury could find amount to reckless disregard or malice, does not mean that the issue of punitive damages will ever reach the jury.  Aflac's statement that "the Court allowed the punitive damages request to proceed to the jury on the premise that it is the jury's right and duty to consider whether Aflac's conduct was reasonable" is unsupported by the Court's opinion and federal law.  Dkt. # 117, at 1.   Defendant will have opportunities during trial to demonstrate its

6

behavior did not amount to reckless disregard or malice as a matter of law.  Under Federal Rule of Civil Procedure 50, "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: . . . resolve the issue against the party" or "[a] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50 (a)(1).

A similar tool was utilized by the state trial court in Badillo v. Mid Century Ins. Co., 121 P.3d 1080 (Okla. 2005).  In Badillo, the Oklahoma Supreme Court noted that, after the close of evidence, "[u]nder § 9.1, for punitive damages to be allowed there must be evidence, at a minimum, of reckless disregard toward another's rights from which malice and evil intent may be inferred." Badillo, 121 P.3d at 1106.  The Badillo court noted that "upon a defendant's challenge to the sufficiency of the evidence via a motion for directed verdict," it is the court's function, as gatekeeper, to determine "whether there is competent evidence upon which a reasonable jury could find reckless disregard, from which malice and evil intent may be inferred."  Id.  The court then found it was not error  "for a trial court to direct a verdict in favor of a defendant on the punitive damage issue when the court concludes there is no evidence upon which a reasonable jury could find the defendant to have engaged in conduct exhibiting such a reckless disregard."  Id.  At the summary judgment stage, this Court did not and could not find there was no evidence upon which a reasonable jury "could find the defendant to have engaged in conduct exhibiting such a reckless disregard" and, as such, summary judgment was especially inappropriate.

The parties are advised the Court will follow its standard procedure under federal law for cases involving a request for punitive damages.  At the outset, the trial will be divided into two phases.  In the first phase, the jury will consider defendant's liability for breach of the duty of good faith and fair dealing, and plaintiff's compensatory damages.  Should the Court not determine that plaintiff failed to meet the clear and convincing standard as a matter of law at the close of his case or at the close of all the evidence–either sua sponte or upon a Rule 50 motion–the jury will answer a special interrogatory with regard to whether defendant acted with reckless disregard or malice. There will be no mention of punitive damages or a second phase during the first phase.  The jury will consider evidence of punitive damages and the amount thereof in a second phase of trial only if the jury finds by clear and convincing evidence that defendant can be held liable for punitive damages under OKLA. STAT. tit. 23, § 9.1.

**IT IS THEREFORE ORDERED** that defendant's motion for reconsideration (Dkt. # 117) is **denied**.

**DATED** this 18th day of December, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

8