IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JODY FEES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-476-CVE-JFJ |
| | ) |
| AFLAC | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION
OUT OF TIME OF AFLAC EMPLOYEE DONNIE LAND**

Comes now Plaintiff Jody Fees and respectfully moves this Court to reopen discovery in the above matter for the limited purpose of deposing Donnie Land, the AFLAC employee responsible for conducting a "legal review" of Plaintiff's claim. This "legal review" was relied upon by AFLAC's claims handlers in evaluating the insurance claim upon which this action is based and the full nature and extent of the existence of the same was not known to Plaintiff until after the Court's discovery cutoff had run.

As will be set forth below, Defendant was not forthcoming with Plaintiff during the discovery period and specifically denied the existence of this attorney conducted "legal review". These previously undisclosed facts were only brought to Plaintiff's attention at the eleventh hour of the discovery period through the deposition of AFLAC's corporate representative. Plaintiff was diligent in his pursuit of this discovery and filed a motion to compel before the end of the discovery period. However, this motion was not granted until the discovery period had closed.  Now, with the legal world emerging from the systemic

1

trauma of the last year, Plaintiff seeks to depose Mr. Land in furtherance of his bad faith theory of recovery in this action.

## Factual Background

**I.  LCvR 37.1 Compliance Statement.**

The undersigned represents that he has complied with LCvR 37.1 in that he has contacted AFLAC's counsel, Kristina Holmstrom via telephone[1] and attempted in good faith to resolve the issues set forth in this motion. Counsel were unable to resolve the issues set forth in said motion after a sincere attempt to do so.

**II.  Requested Discovery.**

On July 28, 2020, Plaintiff filed Plaintiff's First Motion to Compel (Dkt. No. 64), which moved the Court to: 1) compel Defendant AFLAC to produce copies of the "legal review" that AFLAC relied on in evaluating Plaintiff's claim, 2) compel AFLAC to produce any and all communications related to the "legal review", and 3) grant Plaintiff leave of Court to conduct additional depositions of any individual responsible for conducting the "legal review".

July 31, 2020 marked the discovery cutoff date as stated in the June 15, 2020 Amended Scheduling Order (Dkt. No 51).

On September 9, 2020, a telephonic hearing was held regarding Plaintiff's First Motion to Compel (Dkt. No. 64) wherein Judge Jayne listened to oral argument from both

---

[1] A telephonic conference is authorized under LCvR 37.1 as the offices of counsel are separated by more than 30 miles and a personal conference would be infeasible. Ms. Holmstrom's office is located in Phoenix, Arizona and the undersigned is located in Oklahoma City, Oklahoma.

parties and granted Plaintiff's motion. *See* Minute Order, (Dkt. No. 93). At that time, Judge Jayne *did not* authorize Plaintiff to conduct additional depositions related to information she ordered AFLAC to produce. However, Plaintiff's counsel recollects that the Court indicated Plaintiff could re-urge his request at a later date if warranted.

On September 13, 2020, pursuant to the Court's September 9, 2020 Order, Plaintiff received documentation from Defendant related to the "legal review" process. Defendant produced documents bearing Bates Stamps AFLACJFCL000457-459; and 482. The documents labeled AFLACJFCL000457-459 reflect unreacted claim note entries from AFLAC's claims adjusters seeking a review of the claim from AFLAC's legal department. The document produced as AFLACJFCL000482 contains an email from Donnie Land, the attorney who conducted the "legal review" of Plaintiff's claim. The issue in the claim, as defined by Mr. Land, "is whether, at the time of disability, Jody Fees was employed." *See* Ex. 1 - AFLACJFCL000482. Mr. Land's "legal review" concludes that Plaintiff was not entitled to coverage because he was not. As noted by the Court in its *Opinion and Order* [Doc. 48] dated June 5, 2020, this was not the appropriate analysis under the terms of the policy at issue as "plaintiff met all of the pre-requisites for short-term disability benefits under the terms of the Policy." *See Opinion and Order* [Doc. 48], p. 12.

Since the outset of this action, Plaintiff has contended that AFLAC's handling of his claim violated the duty of good faith and fair dealing for various reasons, including its failure to read and understand the policy of insurance issued to scores of Oklahomans. In fact, this Court has written that "it found that plaintiff's evidence at trial could be of such a clear and convincing nature that a reasonable jury could find that defendant's delay,

repeated failure to understand its own policy, and failure to investigate amounted to the unreasonable conduct required to submit the issue of punitive damages to a jury." *Opinion and Order* [Doc. 122], p. 5. Mr. Land's assessment of the key issue in AFLAC's investigation of Plaintiff's claim confirms Plaintiff's primary contentions in this matter. None of the dozens of individuals who participated in the claim read or understood the terms of the insurance policy governing whether Plaintiff was entitled to benefits and, instead, sought out reasons to deny coverage.

Plaintiff was able to conduct discovery exploring this theory through the acquisition of certain documents and through the depositions of AFLAC's claims handling employees. However, it was not until *after* the filing of Plaintiff's Motion to Compel [Doc. 64] and the Court's granting of the same that Plaintiff was able to confirm that AFLAC's legal department made the same fundamental errors in the assessment and investigation of coverage that the claims department made. Such evidence is exceedingly relevant as it indicates AFLACs systemic claims handling failures spread not only throughout its claims department, but also into its legal department. As such, Mr. Land's testimony bears on both AFLAC's liability for the violation of the duty of good faith and fair dealing as well as the level of culpability associated with Plaintiff's claim for punitive damages.

Plaintiff now seeks an opportunity to reopen discovery for the limited purpose of deposing Mr. Land to ascertain what, if any, training he received from AFLAC in conducting legal reviews of pending claims, the performance metrics upon which he is graded in the performance of his duties, and all matters related to his actions on Plaintiff's claim.

**Argument and Authorities**

Fed. R. Civ. P. 16(b)(4) allows for a scheduling order to be modified "upon a showing of good cause and by leave of the district court." "Whether to extend or reopen discovery is committed to the sound discretion of the trial court and its decision will not be overturned on appeal absent abuse of that discretion." *Smith v. U.S.*, 834 F.2d 166, 169 (10th Cir. 1987). Appellate decisions have identified several relevant factors in reviewing decisions concerning whether discovery should be reopened, including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the nonmoving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to the relevant evidence.

*See Sil-Flo, Inc. v SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990). Each of these factors weighs in favor of Plaintiff.

First, trial is not imminent, and in fact a trial date is not currently on the docket since the current scheduling order, including the jury trial, was struck on October 19, 2020. Dkt. No. 116. Furthermore, under General Order 21-16 all civil hearings and trials in the Northern District scheduled on or before May 31, 2021 are continued pending further order of the Court. Moreover, courts in this District have previously ruled that a trial was not imminent when it was approximately two (2) months out from when the motion to reopen discovery was granted. *Christopher v. Tulsa Ambassador Hotel, L.L.C.*, No. CIV-05-500-JHP, 2006 WL 3628038, at *3 (N.D. Okla. Dec. 11, 2006).

Second, although Defendant objects to the present Motion, its own actions have necessitated its filing. Plaintiff would have preferred to take this deposition during the discovery guidelines, but was not certain of the existence of AFLAC's legal review until the deposition of AFLAC's Corporate Representative deponent, Jenifer Jeter. Plaintiff only learned of the contents of the Legal Review after the discovery cutoff when the same was compelled to be produced by AFLAC.

Third, Defendant will not be prejudiced by the re-opening of discovery for this limited purpose. The Northern District has previously expressed concern about re-opening discovery if it would prejudice the non-moving party by delaying the trial date and significantly increasing costs. *AG Equip. Co. v AIG Life Ins. Co.*, No. 07-CV-556-CVE-PJC, 2009 WL 36493, at * (N.D. Okla. Jan. 5, 2009). Here, the trial will not be delayed as it is not currently scheduled and the costs of taking a deposition are not significant costs that would prove to be too burdensome for Defendant. In fact, the parties have worked well together to conduct depositions in this matter via video conference, saving AFLAC's counsel in Arizona and Plaintiff's counsel the need for interstate travel. Furthermore, as previously stated, Defendant caused this unnecessary delay by failing to disclose the existence of the aforementioned "legal review" and the involvement of an attorney in the "legal review" process.

Fourth, Plaintiff was diligent in obtaining the discovery within the guidelines established by the Court, through the use of written discovery, Fed. R. Civ. P 37 conferences, emails, and phone calls, as detailed in Plaintiff's Motion to Compel (Dkt. No.

6

64). Moreover, Plaintiff was just as diligent in obtaining the discovery after the deadline as Plaintiff's initial attempt to take the deposition of the attorney involved in the "legal review" process was made in September at the earliest possible time after the Court granted Plaintiff's Motion to Compel (Dkt. No. 64), to which Defendant objected. Dkt. No. 93.

Fifth, this necessary discovery was not foreseeable until the eleventh hour of fact discovery because Defendant failed to disclose Mr. Land's Legal Review in response to written discovery. In fact, counsel for both parties met to resolve various discovery disputes in March of 2020 and Plaintiff's counsel was led to believe that AFLAC had received no legal opinions in support of its coverage decision. *See* Ex. 2 - 3.10.2020 Email from Rowe to Oldham, Silver, and Holmstrom. As mentioned above and in Plaintiff's previously filed Motion to Compel [Doc. 64], the full nature and extent of the participation of AFLAC's legal department in handling Plaintiff's claim was not known until it was too late to conduct additional discovery on the matter.

Sixth and finally, it is clear that this discovery will lead to relevant evidence. The deposition of the attorney who conducted the "legal review" for Defendant, will provide insight into how Plaintiff's claim was handled, and the decisions taken by AFLAC while handling that claim that ultimately led to the filing of the instant bad-faith claim. It will further evidence Plaintiff's claim that the denial of the claim at issue was the result, not of a mistake made by an individual claims handler, rather due to a systemic failure of both the AFLAC's claims handling and Legal Departments to properly train its employees in the fundamentals of assessing coverage under policies issued to Oklahoma insureds.

The Northern District has reopened discovery for a limited purpose under similar circumstances. In *Christopher v. Tulsa Ambassador Hotel, L.L.C.*, this Court granted a motion to reopen discovery after Defendant became aware of previously undisclosed facts during Plaintiff's deposition and Defendant diligently attempted to obtain discovery within the guidelines established by the discovery order but was unable to do so. No. CIV-05-500-JHP, 2006 WL 3628038, at *3 (N.D. Okla. Dec. 11, 2006).

Here, AFLAC failed to provide full responses to Plaintiff's written discovery and misrepresented the existence of the "legal review" and the assistance of a "legal review" attorney. The existence of the "legal review" process was a fact that was only made known to Plaintiff during the deposition of AFLAC's corporate representative shortly before the discovery cutoff. Plaintiff was diligent in pursuing this previously undisclosed information and filed his motion to compel within the discovery guidelines. This motion was eventually granted on September 9, 2020, a date that fell outside of the discovery guidelines.

## Conclusion

**WHEREFORE,** Plaintiff requests that the Court grant his request to reopen discovery so that he may take the deposition of Donnie Land, the attorney responsible for conducting the "legal review" that was relied upon by Defendant AFLAC's claims handlers in evaluating the insurance claim upon which this action is based. In addition, Plaintiff requests that the Court require Donnie Land make himself available for deposition by June 15, 2021 via videoconference.

Respectfully submitted,

/s/ *Jacob L. Rowe*
Simone Fulmer Gaus, OBA #17037
Harrison C. Lujan, OBA #30154
Jacob L. Rowe, OBA #21797
Andrea R. Rust, OBA #30422
FULMER SILL PLLC
1101 N. Broadway Ext., Suite 102
Oklahoma City, OK  73103
Phone: (405) 510-0077
Fax:    (800) 978-1345
Email: sfulmer@fulmersill.com
            hlujan@fulmersill.com
            jrowe@fulmersill.com
            arust@fulmersill.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of May, 2021, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lauren Oldham
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
The Heritage Building
621 N. Robinson Ave., Ste. 400
Oklahoma City, OK 73102
(405) 546-3774
Fax (405) 546-3775
lauren.oldham@ogletree.com


Kristina N. Holmstrom
Ogletree Deakins Nash Smoak & Stewart, PC
Esplanade Center III
2415 East Camelback Rd., Suite 800
Phoenix, AZ  85016
Kristina.holmstrom@ogletree.com

/s/ *Jacob L. Rowe*